**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TANNER PATTERSON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-02160** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Before the court is Tanner Patterson' Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1), seeking to vacate the sentence entered upon his 2013 criminal conviction in *United States v. Lunsford et al.*, No. 3:12-cr-00094-2 (M.D. Tenn. May 1, 2013) (Revised Judgment, Doc. No. 59) (Haynes, J.).[1] Patterson argues, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), that his sentence was unlawfully enhanced by the application of 18 U.S.C. § 924(c), because it required a finding that the defendant committed a "crime of violence" under the "residual clause" of § 924(c), which, he claims, is unconstitutionally vague. (Doc. No. 1, at 1.) For the reasons set forth below, Patterson's motion will be denied.

## I. PROCEDURAL BACKGROUND

On May 16, 2013, Patterson and his co-defendant, Devonte Lunsford, were indicted on charges of (1) robbery of a federally insured bank "by force and violence, and by intimidation" and, in committing this offense, "assault[ing] the employees of [the bank] and [putting] said

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

employees' lives in jeopardy by the use of a dangerous weapon," in violation of 18 U.S.C. §§ 2 and 2113(a), (d) (Count One); and (2) knowingly using, carrying and brandishing a firearm during and in relation to a crime of violence, specifically armed bank robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three). (Crim. Doc. No. 18.)

Patterson pleaded guilty to both charges, pursuant to a Plea Agreement, in January 2013. According to the Plea Agreement, Patterson understood that conviction on the charge of using a dangerous weapon during and in relation to a crime of violence carried a mandatory minimum consecutive sentence of seven years. (Doc. No. 54, at 8.) The Plea Agreement included an agreement to a total sentence of 135 months (51 months on Count One and 84 months on Count Three) under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (*Id.* at 13.)

Following the court's acceptance of his plea, Patterson was sentenced on April 19, 2013 to the agreed-upon sentence of 135 months. The Revised Judgment (correcting a typographical error in the original Judgment) was entered on May 1, 2013. (Doc. No. 59.) Patterson did not appeal his conviction or sentence.

His § 2255 motion was filed, through counsel, on August 12, 2016. (Doc. No. 1.) The government responded (Doc. No. 4), and the movant, through counsel, filed a Reply (Doc. No. 5). Following the retirement of Judge Haynes, the case was reassigned to the undersigned.

## II.    LEGAL STANDARD

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the date the underlying conviction became final. 28 U.S.C. § 2255.

## III. ANALYSIS

Federal law imposes a mandatory minimum sentence upon any person who, "during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as an offense that is a felony and either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(A), (B). Subsection (A) is known as the "elements" or "use-of-force" clause, and subsection (B) is referred to as the "residual" clause.

Patterson argues that his conviction on Count Three of the Indictment and the increased sentence imposed under § 924(c) rely on a definition of "crime of violence" that is materially indistinguishable from the definition of "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which the Supreme Court struck down as unconstitutionally vague in *Johnson*, 135 S. Ct. at 2563. He contends that, as a result, his federal armed bank robbery conviction no longer qualifies as a predicate crime of violence. (Doc. No. 1, at 2.)

The ACCA mandates a minimum fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Similar to the definition of "crime of violence" in § 924(c)(3)(B), the ACCA's residual clause defines "violent felony" as any crime that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held that the residual clause was so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges" and, therefore, that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557. Patterson contends that the same reasoning renders § 924(c)(3)(B)'s residual clause unconstitutional.

The Sixth Circuit has previously concluded that the residual clause of § 924(c)(3)(B) is not unconstitutionally vague. *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016); *see also United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018). Other circuits have concluded differently, and the Supreme Court is expected to resolve the conflict soon.[2] This court, however, has no need to address the question of whether the residual clause of § 924(c)(3)(B) is unconstitutional under *Johnson*, because armed bank robbery under 18 U.S.C. § 2113(a) and (d) clearly qualifies as a crime of violence under the use-of-force clause of § 924(c)(3)(A). *See Henry*, 722 F. App'x at 500 ("A necessary element of bank robbery is the use of 'force and violence' or 'intimidation.' And intimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the "threatened use of physical force" as crimes of violence." (quoting 18 U.S.C. § 2113(a); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir.

---

[2] In January, the Supreme Court granted certiorari in a case arising from the Fifth Circuit, *United States v. Maurice Lamont Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, 139 S. Ct. 782 (2019), and is expected to address the questions of whether Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A) and whether the residual clause in § 924(c)(3)(B) is unconstitutionally vague.

2016) (construing identical language in U.S.S.G. § 4B1.2(a)(1))), *cert. denied*, 139 S. Ct. 70 (2018).

It is true that 18 U.S.C. § 2113(a) also contemplates bank robbery by extortion. However, subsection (d), which was charged in the Indictment in this case, enhances the penalty for anyone who, in the course of committing an offense under subsection (a), "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." *Id.* § 2113(d). Because he was charged under subsection (d), it is clear that Patterson did not commit bank robbery by extortion. (*See* Crim. Doc. No. 18 (charging bank robbery "by force and violence, and by intimidation," as well as charging the defendants with assaulting the bank employees and "put[ting] said employees' lives in jeopardy by the use of a dangerous weapon").) Patterson pleaded guilty to this charge and to using and brandishing a dangerous weapon during and in relation to a crime of violence.

In short, Patterson's armed bank robbery conviction constitutes a "crime of violence" under the use-of-force clause, § 924(c)(3)(A), irrespective of any vagueness challenge to the residual clause of § 924(c)(3)(B). Patterson is not entitled to relief, and his motion will be denied.

## IV. CONCLUSION

For the reasons set forth herein, Patterson's § 2255 motion will be denied.

The court will also decline to enter a certificate of appealability in this case. The Rules Governing § 2255 Proceedings require that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Gov'g § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, Patterson must make a substantial showing that "reasonable jurists could debate whether . . .

the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, because no reasonable jurists would differ on this court's disposition of Patterson's § 2255 motion, the court declines to issue a certificate of appealability.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge